**Jennifer J. Middleton**, OSB No. 071510
jmiddleton@justicelawyers.com
**Caitlin V. Mitchell**, OSB No. 123964
cmitchell@justicelawyers.com
JOHNSON JOHNSON LUCAS & MIDDLETON PC
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: 541-484-2434
Fax: 541-484-0882
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **TY ROLLINS; PARKER ROLLINS; A.R., a minor, by her father and next friend, Ty Rollins; S.B., a minor, by her parents and next friends, Matthew Bailey and Alana Bailey,**<br><br>Plaintiffs,<br><br>v.<br><br>**McMinnville School District 040; Ryan McIrvin; Amy Fast;**<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTORY STATEMENT**

**1.**

Defendants McMinnville School District and Athletic Director Ryan McIrvin hired a new head coach for the McMinnville High School cross-country team who had been forced out of Clackamas Community College for having a sexual relationship with a teenage athlete he coached. Plaintiff Ty Rollins, a parent of two runners on the cross-country team and the prior year's Assistant Coach for the girls, objected. So did other parents and several of the athletes. They also raised other examples of discriminatory treatment toward female athletes. Defendants'

Page 1 - **COMPLAINT**

response was to prohibit Rollins from coaching or even volunteering with the athletic program and to cut resources to the girls' program even further.

2.

This is an action under Title IX of the Education Amendments of 1972; the First Amendment of the United States Constitution; Article 1, Section 8 of the Oregon Constitution; and other state laws for unlawful retaliation against plaintiffs because they reported in good faith violations of Title IX and state anti-discrimination laws and expressed other concerns about the school district's athletic program.

**JURISDICTION & VENUE**

3.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

4.

Ty Rollins is a local business owner in McMinnville, Oregon. He has a passion for coaching. Rollins served as Assistant Coach for the McMinnville High School girls' cross-country team, a paid position, and as the volunteer distance coach for the girls' track and field team, from 2016 until his discharge in 2019. He also served as the assistant wrestling coach at McMinnville High School from 2002 until 2008 and did other volunteer work throughout the athletic and academic programs.

5.

At all material times, Parker Rollins was a student at McMinnville High School in McMinnville, Oregon. She was a member of the class of 2020.

Page 2 - **COMPLAINT**

6.

A.R. is a student at McMinnville High School in McMinnville, Oregon. She is a member of the class of 2023. Her father and legal guardian is plaintiff Ty Rollins.

7.

S.B. is a student within the McMinnville School District. She is home schooled and participates in sports and other extracurricular activities at McMinnville High School. She is a member of the class of 2021.

8.

Matthew and Alana Bailey are the parents and legal guardians of S.B.

9.

McMinnville School District 040 ("McMinnville SD") is the public school district in McMinnville, Oregon, serving approximately 6,800 students. It is financed in part by moneys appropriated by the Legislative Assembly. McMinnville High School is the only high school in the district.

10.

Ryan McIrvin is, and at all relevant times was, the Athletic Director for McMinnville High School. His actions alleged herein were taken under color of state law. He is sued in his official and individual capacities.

11.

Amy Fast is, and all relevant times was, the Principal of McMinnville High School. Her actions alleged herein were taken under color of state law. She is sued in her official and individual capacities.

///

Page 3 - **COMPLAINT**

## FACTUAL ALLEGATIONS

12.

During his time coaching girls' cross-country, Ty Rollins succeeded in building a formidable team. Several of the girls he coached went on to run in college, some at Division 1 schools. Previously the team had only qualified for state once in ten years, but it qualified all three years he was there. In 2015, the girls he worked with broke three high school records and one middle school record. In 2017, he won the Distinguished Service Award from McMinnville High School Sports Hall of Fame. In the 2018 season, he coached the girls to win the Pacific Conference Championship title for the first time in 15 years. The Pacific Conference named Rollins Girls' Cross-Country Coach of the Year.

13.

At the 2018 Pacific Conference Championships, a few parents approached Ty Rollins to ask why the boys had a head coach, but the girls only had an assistant coach. Ty Rollins noticed other inequities between the boys' program and the girls' program, as well.

14.

In November 2018, for example, the cross-country Head Coach, Vic Downs, told Ty Rollins that Rollins was "on his own" to pay for the girls' team's hotels, transportation and meals at the Nike Regional Cross-Country Meet in Boise, Idaho. Rollins paid for the girls out of his own pocket. Coach Downs said the same thing to Parker Rollins at an outing to pizza on the way home: Downs had paid for the boys, but the girls would have to pay for themselves.

15.

The Athletic Department paid for new, unique uniforms for the boys' team, jerseys with matching long sleeve Nike shirts that could be supplemented with a custom sweatshirt. Defendant Athletic Director McIrvin directed the account that paid for these uniforms. The girls

Page 4 - **COMPLAINT**

received no new uniforms, so they asked if they could buy a sweatshirt or design one for the girls' team. Coach Downs said no. The girls eventually received a short sleeve cotton tee shirt.

16.

In the summer of 2019, McMinnville School District hired a new Head Coach for cross-country, Drew Wasmund.

17.

Rollins met with Wasmund to discuss the program, and Wasmund asked Rollins to coach the girls in the upcoming season. Rollins hoped that with a new head coach, the girls would receive equal treatment, but Wasmund made comments that concerned Rollins about his attitude toward the girls' program. For example, Wasmund said he would "find some woman to look after the girls because they need a woman to talk to."

18.

After that meeting, Rollins learned that Wasmund had been forced out of his position as a coach at Clackamas Community College because he had a sexual relationship with one of the female athletes.

19.

According to the NCAA, "Sexual abuse includes amorous or sexual relationships between a coach or other supervisory staff and student-athletes, even when these relationships are perceived by both parties to be consensual." The NCAA further advises, "Which coaches or staff members seem most likely to sexually abuse student-athletes? Those who... Have a history of 'dating,' marrying, or getting romantically or sexually involved with athletes; Have been fired or resigned after such relationships were discovered . . . ." Relying in part on these standards,

Rollins reasonably believed that McMinnville's female cross-country athletes were vulnerable to sexual abuse by Wasmund. Such abuse would also violate Title IX.

20.

On July 2, 2019, Ty Rollins met with defendant Athletic Director Ryan McIrvin. Rollins expressed concerns regarding Wasmund's sexual abuse of a student-athlete and his dismissive attitude toward the girls' team. Rollins told defendant McIrvin that he did not want to coach with someone with Wasmund's history. Rollins also told defendant McIrvin about unequal treatment of the girls' program, including unequal coaching, unequal travel funding and travel conditions, unequal uniforms, and other concerns.

21.

On July 10, 2019, Ty Rollins emailed McMinnville High School Principal and defendant Amy Fast and defendant McIrvin. He reiterated his concerns about unequal treatment of the girls in the program, including the hiring of Wasmund. He asked to be named head coach for the girls' program, and to have it separated from the boys' program.

22.

Rollins met with Fast and McIrvin on July 17, and again raised his concerns about sex discrimination in the program, including the hiring of Coach Wasmund and the distribution of coaching time.

23.

On July 18, nine members of the girls' cross-country team, including but not limited to Parker Rollins, A.R., and S.B. met with defendants Principal Fast and AD McIrvin. They complained of discrimination in how they were treated compared to the boys' team, and said they did not want to be coached by Wasmund. Fast and McIrvin told them that Wasmund's

actions were "a silly young boy mistake" (though he was 27 years old), that they were not going to change their decision, and that the girls should trust the administration more.

24.

Throughout this time, parents of the athletes became increasingly concerned about Wasmund. Rollins worked to encourage them to keep their daughters in the program. On July 27, 2019, a group of parents agreed that they would raise their concerns with the McMinnville School Board and contact the local paper. Rollins supported these actions. He told defendants Fast and McIrvin of the plans and said that he too would contact the superintendent and the school board with his concerns.

25.

When Wasmund learned that parents intended to contact the school board and the local paper, he resigned.

26.

Defendants Fast and McIrvin asked to meet with Ty Rollins. McIrvin told Rollins that Rollins would never coach cross-country at McMinnville again. He said he did not want someone on his staff who would take an issue to the school board, the superintendent or the local paper. Defendant McIrvin went on to say that he would give "serious thought" to Rollins ever coaching any sport at McMinnville High School.

27.

Defendants McIrvin and Fast barred Rollins from coaching or even volunteering with any programs in the District. Retaliation included, but was not limited to:

- McIrvin refused to rehire Rollins to be assistant cross-country coach for the girls, after the school district hired a new head coach;

Page 7 - **COMPLAINT**

- McIrvin barred Rollins from volunteering to assist in a strength and conditioning class;
- Fast and McIrvin barred Rollins from being the head coach for the middle school wrestling program, which the high school head coach, Jordan Barich, had asked Rollins to do;
- Fast and McIrvin barred Rollins from volunteering as a coach in the middle school wrestling program;
- Fast and McIrvin barred Rollins from being the girls' distance coach with the track & field team.

**28.**

Defendants also retaliated against the girls' cross-country team because of the complaints of discriminatory treatment. Instead of hiring Rollins to coach the girls, McIrvin hired the daughter of one of his assistant football coaches to coach them. She had no experience coaching any sport whatsoever. He also changed the position to be only part-time, which left the girls without a coach one or more days a week. Meanwhile, boys had a head coach and a full time assistant.

**29.**

The girls' program suffered as a result. Going into the season, they were the defending champions and had the best times in the league. Because of their lack of good coaching, however, they could not hold onto their title. S.B. did not run cross-country because Rollins was not the coach and because of the way they were treated, limiting her opportunities for college recruitment, among other things. Parker Rollins and A.R. ran on the team and did not have a coach roughly half the time. The poorer showing of the team limited Parker Rollins' opportunities for college recruitment.

**30.**

On February 26, 2020, the United States Department of Education, Office of Civil Rights initiated an investigation into the McMinnville School District's athletics program based on evidence of unequal treatment of girls throughout the program.

**FIRST CLAIM FOR RELIEF**
Retaliation in Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681
Against McMinnville SD

Plaintiffs incorporate paragraphs 1-30 as though fully restated here.

**31.**

Defendant receives federal funds within the meaning of Title IX.

**32.**

By terminating Coach Rollins, hiring an unqualified coach and reducing the coaching available to the girls' cross-country team, and barring Rollins from other coaching and volunteer activities, among other actions, defendant retaliated against Parker Rollins, S.B., A.R., and Ty Rollins for their good faith opposition to sex discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

**33.**

As a result of defendant's retaliation, S.B., Parker Rollins and A.R. have been denied full and equal educational opportunities and have suffered emotional distress and loss of future opportunities. These losses are in amounts to be determined by a jury at trial.

**34.**

As a result of defendant's retaliation, Ty Rollins has suffered lost wages, reputational harm, loss of enjoyment of life, and other financial and emotional harms in amounts to be determined by a jury at trial.

**35.**

Defendant's actions were taken intentionally and/or in reckless disregard for plaintiffs' rights, and punitive damages should be awarded to deter similar conduct in the future.

**36.**

Plaintiffs are further entitled to their reasonable attorney fees and costs in pursuing this action.

**SECOND CLAIM FOR RELIEF**
Retaliation for Exercising First Amendment Rights, 42 U.S.C. § 1983
Against All Defendants

Plaintiffs incorporate paragraphs 1-36 as though fully restated here.

**37.**

By their reports about inequities in the girls' and boys' programs and their advocacy against hiring Drew Wasmund, plaintiffs spoke out as citizens, as students, and as parents on matters of public concern and matters related to teaching. Defendants retaliated against plaintiffs for their expressions on matters of public concern in violation of the First Amendment to the United States Constitution, enforceable through 42 U.S.C. § 1983.

**38.**

Defendants' retaliation would chill people of ordinary firmness from engaging in constitutionally-protected conduct.

**39.**

McMinnville SD's retaliation occurred pursuant to a policy, custom, or practice of the school district that uses retaliation as a means to chill protected speech against actions of the school district. Defendants McIrvin and Fast acted as final policymakers with respect to the retaliatory actions.

Page 10 - **COMPLAINT**

**40.**

As a result of defendants' retaliation, S.B., A.R. and Parker Rollins have been denied full and equal educational opportunities and have suffered emotional distress and loss of future opportunities. These losses are in amounts to be determined by a jury at trial.

**41.**

As a result of defendants' retaliation, Ty Rollins has suffered lost wages, reputational harm, loss of enjoyment of life, and other financial and emotional harms in amounts to be determined by a jury at trial.

**42.**

Plaintiffs are further entitled to their reasonable attorney fees and costs in pursuing this action.

**THIRD CLAIM FOR RELIEF**
Retaliation in Violation of ORS 659.852
Against McMinnville SD

Plaintiffs incorporate paragraphs 1-42 as though fully restated here.

**43.**

By terminating Coach Rollins, hiring an unqualified coach, reducing the coaching available to the girls' cross-country team, and barring Rollins from other coaching and volunteer activities, among other actions, defendant retaliated against S.B., Parker Rollins, and A.R. because they in good faith reported information that they believed was evidence of violation of state and federal laws, rules and regulations, including discrimination against them by the school district.

///

///

Case 3:20-cv-00900-HZ   Document 1   Filed 06/04/20   Page 12 of 16

**44.**

Defendants' retaliation substantially disadvantaged S.B., Parker Rollins, and A.R. in academic opportunities and extracurricular activities, in violation of ORS 659.852.

**45.**

As a result of defendant's retaliation, S.B., Parker Rollins and A.R. have been denied full and equal educational opportunities and have suffered emotional distress and loss of future opportunities. These losses are in amounts to be determined by a jury at trial.

**46.**

Plaintiffs are further entitled to their reasonable attorney fees and costs in pursuing this action.

**FOURTH CLAIM FOR RELIEF**
Violation of ORS 659A.203, Whistleblowing
Against McMinnville SD

Plaintiffs incorporate paragraphs 1-46 as though fully restated here.

**47.**

Ty Rollins disclosed to defendants and to other parents information that he reasonably believed was evidence of both a violation of federal, state or local law, rule or regulation, as well as mismanagement and a specific danger to the girls' team's health and safety. He also expressed his intent to discuss the same information with the elected school board and superintendent.

**48.**

Defendant discharged and refused to hire Rollins to coach and otherwise barred him from the athletic program in retaliation for his disclosures and to discourage and restrain him from further such disclosures or discussions, in violation of ORS 659A.203.

Page 12 - **COMPLAINT**

**49.**

As a result of defendant's retaliation, Ty Rollins has suffered lost wages, reputational harm, loss of enjoyment of life, and other financial and emotional harms in amounts to be determined by a jury at trial.

**50.**

Defendant's actions were taken intentionally and/or in reckless disregard for plaintiffs' rights, and punitive damages should be awarded to deter similar conduct in the future.

**51.**

Plaintiffs are further entitled to their reasonable attorney fees and costs in pursuing this action.

**FIFTH CLAIM FOR RELIEF**
Violation of Article 1, Section 8 of the Oregon Constitution
Against McMinnville SD

Plaintiffs incorporate paragraphs 1-51 as though fully restated here.

**52.**

Article 1, section 8 of the Oregon Constitution forbids the government from "restraining the free expression of opinion, or restricting the right to speak, write or print freely on any subject whatever." Or. Const. Art. 1 sec. 8.

**53.**

Defendants' retaliatory actions restricted and continue to restrict plaintiffs' right to speak freely in violation of the Oregon Constitution. Defendants' continued refusal to allow Ty Rollins to work or volunteer in the school district because of his speech maintains defendants' effort to chill Rollins' speech and the speech of other parents and students about ongoing discrimination in the athletic program.

Page 13 - **COMPLAINT**

**54.**

Plaintiffs are entitled to equitable relief including a declaration that their rights under the Oregon Constitution were violated and an injunction enjoining the McMinnville School District from continued or further unlawful retaliation against plaintiffs' speech.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek judgment against defendants as follows:

(a) An Order enjoining McMinnville SD, its agents, employees, and those acting in concert therewith, from unlawful retaliation because of speech on matters of public concern, including but not limited to reports of or opposition to discrimination on the basis of sex;

(b) Injunctive relief requiring a comprehensive Title IX audit of defendant's athletic program by outside experts to determine in which areas defendant is out of compliance, and requiring a plan to achieve compliance;

(c) An award of damages against defendants in amounts to be established at trial, including, without limitation, damages for lost wages and other economic harms; damages for deprivation of equal access to the educational benefits and opportunities provided by defendants; damages for loss of future opportunities including college recruitment; and damages for past, present, and future emotional pain and suffering, ongoing mental anguish, and loss of past, present, and future enjoyment of life;

(d) An award of punitive damages in an amount sufficient to deter future violations;

(e) An award of pre- and post-judgment interest;

(f) An award of costs and attorney fees, pursuant to 42 U.S.C. § 1988(b) and ORS 659A.885; and

Page 14 - **COMPLAINT**

(g)     Such other relief as is just and equitable.

DATED this 4th day of June, 2020.

>JOHNSON JOHNSON LUCAS & MIDDLETON PC
>
> s/Jennifer J. Middleton
> **Jennifer J. Middleton**, OSB No. 071510
> jmiddleton@justicelawyers.com
> **Caitlin V. Mitchell,** OSB No. 123964
> cmitchell@justicelawyers.com
> 975 Oak Street, Suite 1050
> Eugene, OR 97401
> Tel: (541) 484-2434
> Fax: (541) 484-0882
> Attorneys for Plaintiff

Page 15 - **COMPLAINT**

# CERTIFICATE OF SERVICE

I certify that on June 4, 2020, a true copy of the **Complaint** was served as indicated below:

| | |
|---|---|
| **Oregon School Boards Association** | [ ] U.S. Mail |
| Michael Miller | [ ] Electronic Filing |
| 1201 Court St. NE Suite 400 | [ x ] Email |
| Salem, OR 97301 | [ ] Fax |
| Tel: 503-485-4800 | |
| mmiller@osba.org | |
| Attorney for McMinnville School District 040, Ryan McIrvin, & Amy Fast | |

JOHNSON JOHNSON LUCAS & MIDDLETON, PC

*/s/ Jaclyn Hayes*

Jaclyn R. Hayes, Legal Assistant
541/484-2434
541/484-0882 fax
jhayes@justicelawyers.com

Page 1 – **CERTIFICATE OF SERVICE**